HENRY L. FARWELL, ADMINISTRATOR, ESTATE OF LIZZIE W. LANGDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12940.   Promulgated October 5, 1928.

*George L. Shearer*, Esq., and *John A. Kratz*, Esq., for the petitioner.

*Frank T. Horner*, Esq., for the respondent.

## OPINION.

MARQUETTE: The sole question for our determination is whether the written instruments, or any of them, given by the Schroeder family at various times to the guardian of the decedent, should be included as assets in computing the decedent's taxable estate.

The Revenue Act of 1921, which applies here, makes the following provisions:

SEC. 401. That * .* *, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 403) is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this Act.

\* \* \* \* \* \* \*

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible * * *.

Were the written instruments in question merely receipts or vouchers for the respective sums paid to the Schroeder family, or were they promissory notes? The petitioner cites us to several New York cases where the court, upon application, has directed that financial aid be given, out of the surplus income of the incompetent, to indigent persons whom it was probable the incompetent person would have aided if mentally sound. No such proceedings were had on the

instant case and we do not think the evidence before us warrants a conclusion that these payments were gifts. The guardian had no authority to give away his ward's property, or any portion of it; and the approval, by the probate court, of his annual accounts, is not necessarily corroborative of the theory that gifts had been made, or were ratified by the court. In all, or nearly all, of the guardian's annual accounts, the payments to the Schroeder family are set forth as loans; being unadvised to the contrary, we must assume that the probate court approved and ratified these payments as loans, for the making of which there may be some color of authority, rather than as gifts, which were unauthorized.

In our opinion the instruments in question were promissory notes; were held as such by the guardian as a part of his ward's estate; and passed on the death of the ward to her administrator. As a part of the estate they must be set out in the estate-tax return at their value, if any. What the value of the notes was, at the time of Miss Langdon's death, we are not advised. The respondent asserts, and has determined, that they were worth their face value; this is denied by the petitioner. The burden is upon the petitioner to show that the value of the notes was less than that determined by the respondent. The burden has not been sustained. The record contains no evidence of any kind respecting the value of the notes. The petitioner contends that notes aggregating the sum of $160,000 are barred by the statute of limitations. However this may·be, we do not think it affects the question before us.

It is our opinion, therefore, that the evidence does not show any ground for disturbing the determination heretofore reached by the respondent.

*Judgment will be entered for the respondent.*